# BENJAMIN RICHARDSON, Respondent, v. JOHN BIGLER, Appellant.

## No. 1070; November 19, 1856.

**Vendor's Lien—Enforcement.—A Vendee has Rights** which must be considered in a resale of property to satisfy the vendor's lien.

APPEAL from Superior Court, San Francisco County.

This was a suit in equity to set aside as fraudulent a sale made on October 10, 1855, by the board of state land commissioners, to enjoin the delivery of a deed following this sale, and to compel a conveyance of the land involved to the plaintiff. The findings of fact of the trial court were to the effect hereinafter set forth, viz.: (1) That at a state sale under the provisions of the act of May 18, 1853, the plaintiff on the twenty-sixth day of May, 1854, became the purchaser of the state's interest in several blocks of land, covered with water, at South Beach, San Francisco, the same making, as subdivided, one hundred and thirty-two lots and the price being twenty dollars per lot. The term of the board selling to him expired May 18, 1855. (2) That he paid the first and second installments of the purchase price, thirty-five per cent, and suspended further payments because of an arbitrary demand made upon him by one of the auctioneers for nineteen hundred dollars additional for alleged expenses incident to the preparation, etc., of the forthcoming deeds, these "expenses" being reckoned at per lot instead of as for one deed. No tender of payment was made after that until the expiration of the term above referred to. The retiring board had left the deed with the auctioneer for delivery on payment, and the auctioneer had left it with his clerk with authority to compromise the expense item, but the clerk had given the plaintiff no intimation of his having this authority. (3) That subsequently the agent of the California land commissioners duly advertised notice to all persons indebted for former state sales that in default of settlement before a named day proceedings looking to forfeiture would be instituted on that day; also that no notice other than this was ever given the plaintiff that a forfeiture and resale of the land he had bought was in

contemplation.    (4) That on the day before that of the last state sale had before the beginning of this suit, the plaintiff called upon the agent referred to in order to settle his balance, but was informed then of a new demand upon him, in addition to the old, for advertising, the amount being seventeen hundred dollars.    He was told there must be payment of both demands together with the balance of the purchase price before he would be given a deed.    The next day he tendered the balance alone to one of the commissioners, and this commissioner rejected the tender and referred him to the agent.    (5) That the sale had thereafter was made irregularly and so hastily it was impossible for the assembled bidders to follow on the catalogue the lots indicated there as they were put up. The sales were not by the single lot but by bunches of lots, and often to fictitious persons; all the plaintiff's one hundred and thirty-two lots were sold as one, sold to a clerk in the salesman's office and at an absurdly low figure.    (6) That after the sale a friend of the plaintiff's offered this clerk two thousand five hundred dollars for these lots, such clerk having as yet paid nothing on them, but the offer was rejected and five thousand dollars demanded.    (7) That the plaintiff had always been ready and willing to pay.    The conclusions were that the plaintiff had forfeited no rights, even though having made no tender, and that the auctioneer's charge was unauthorized, illegal and extortionate.

John A. Wills for respondent; Wade & Flower for appellant.

MURRAY, C. J.—The testimony in this cause shows beyond a doubt that the plaintiff's rights have been most improperly compromised, while he was doing all in his power to comply with the terms of the sale on his part, and that, if he did not make the last payment, it was not his fault, but that of the defendants and their agents.    Even if this were not the case, inasmuch as he was ultimately liable for any difference in the price of the lots, they being sold on his account, he was interested in having a fair sale of them, which he does not appear by the testimony to have had.

Judgment affirmed.

We concur: Heydenfeldt, J.; Terry, J.